McINNIS, Judge.
The demand in this case for $358.65 results from the collision of two automobiles in the intersection of Highways 184 and 80 at a small village, Fillmore, in Bossier Parish, resulting in damage to the automobile of plaintiff’s insured, for which it has paid, and secured subrogation.
The plaintiff is the collision and upset insurer of William W. New, whose 1951 Plymouth automobile sustained damage in the collision. Defendant’s 1947 Ford coach was being driven at the time by his sixteen year old daughter, Dorothy Smith.
Allegations of the petition upon which plaintiff demands judgment are: That on July 28, 1952 at about 4:20 o’clock P. M., New was driving east on Highway 80 when he was involved in an accident with the Ford coach driven by Miss Smith; that just prior to the accident Miss Smith had come to a stop at the intersection of Highway 184 waiting for traffic to clear before entering Highway 80; that there was a loaded truck blocking her vision, and that she pulled into the intersection directly in the path of New’s automobile.
It is alleged that the sole proximate cause of the collision was negligence of Miss Smith, in failing to keep a proper lookout, failing to wait until she had a clear vision of oncoming vehicles on Highway 80, and negligently entering the intersection without having the right-of-way, and driving directly in the path of New’s automobile which had the right-of-way.
The answer denies any negligence on the part of Miss Smith. Further answering shows that now and at the time of the collision a traffic light commonly called a “blinker” light showing yellow to traffic on Highway 80 and red to traffic on Highway 184 was operating over the center of the intersection; that the intersection is at Fillmore, a small village, and the highway is inclined downhill each way from the intersection, and that the collision was caused by the negligence of New in driving too fast and not keeping a proper lookout, and alternatively, if this was not the proximate cause, that it contributed to the accident, and bars any recovery by plaintiff.
After trial on the merits there was judgment sustaining the plea of contributory negligence, and rejecting plaintiff’s demand, and it prosecutes a devolutive appeal.
All the evidence leads to the conclusion that the negligence of New contributed to the happening of the accident. Indeed a finding that his negligence was the proximate cause, might well be sustained.
There can be no doubt that Miss Smith had pre-empted the intersection when New was some distance from it. Miss Smith had stopped for the traffic signal and could not have been driving fast, and no contention that she was is made. The contention that the truck parked on her right obscured her vision so as to prevent her seeing New’s automobile is not borne out by the evidence.
As motorists on Highway 80 approach the intersection from either east or west they travel upgrade for several hundred feet, and motorists on Highway 184 are not able to see them until they start uphill. There are buildings in all except the southwest corner of the intersection, however these buildings do not obstruct the view of the intersection.
Miss Smith had almost cleared the intersection when the right rear of the car she was driving was struck, and the car spun around until it was almost facing the way she had come.
. Sergeant Edwin L. Burley of the State Police was on the scene only a few minutes after the accident. He was called as a wit *227 ness for plaintiff. According to this witness, New’s automobile was skidded about 75 feet before striking the Smith automobile. New was going uphill and the fact that he skidded this distance uphill clearly indicates that he was traveling at a rapid rate and that the intersection had already been pre-empted by the Smith automobile.
The judgment rejecting plaintiff’s demand is correct, and it is therefore affirmed, at the cost of plaintiff in this and the lower court.